United States District Court
Southern District of Texas
**ENTERED**
January 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-CV-3484 |
| § | |
| JOHN R. WILSON, III, ET AL., § | |
|     *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This action was filed by the United States of America to reduce to judgment the federal tax liabilities of John R. Wilson, III for the tax years 2002, 2003, 2004, 2005, 2010 and 2013. All Defendants other than John R. Wilson, III ("Wilson") have been dismissed from the case. ECF 17, 36, 52. Before the Court is the United States' Motion for Summary Judgment on its sole remaining claim for judgment on Wilson's income tax liabilities.[1] ECF 45.

The United States seeks a judgment for taxes and interest through June 14, 2021 in the amount of $651,649.71, which consists of Wilson's tax liability of $826,649.71, less credits for settlement funds in the amount of $75,000 from Cedar Creek, $90,000 from the Kuans, and $10,000 from Lisa Wilson.[2] Pursuant to 26 U.S.C. § 6621 and 28 U.S.C. § 1961(c)(1), the United States also seeks prejudgment interest and post-judgment interest accruing from June 14, 2021 until paid.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 48, 55.

[2] At the time of filing of the Motion, the United States sought judgment in the amount of $661,649.71 because it had not yet received the $10,000 settlement funds due on August 9, 2021 from Lisa Wilson. On September 14, 2021, the Court dismissed Lisa Wilson as a defendant based on the parties' representations that all claims against her had been resolved. ECF 50, 52.

**I.      Summary Judgment Evidence**

The United States has presented summary judgment evidence demonstrating that after deductions for payments, credits, and abatements, Wilson owes the following in taxes and penalties as of June 14, 2021:

- $131,871.59 for the taxable year ending December 31, 2002 (U.S. Ex. 1, 2);
- $84,559.37 for the taxable year ending December 31, 2003 (U.S. Ex. 3, 4);
- $145,829.73 for the taxable year ending December 31, 2004 (U.S. Ex. 5, 6);
- $75,737.62 for the taxable year ending December 31, 2005 (U.S. Ex. 7, 8);
- $365,588.20 for the taxable year ending December 31, 2010 (U.S. Ex. 9, 10);
- $17,897.20 for an additional audit assessment for the taxable year ending December 31, 2010 (U.S. Ex. 11, 12); and
- $5,166.00 for the taxable year ending December 31, 2013 (U.S. Ex. 13, 14).

**II.     Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits,

depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### III. Analysis

An "assessment" is an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *Id.* The taxpayer bears the burden of overcoming this presumption. *Id.*; *see also United States v. De Leon*, No. 1:17-CV-48, 2018 WL 1750473, at *3 (S.D. Tex. Feb. 21, 2018) ("Certificates of Assessment "constitut[e] valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof, . . . and have 'been held to be a presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption.'" (citations omitted)); *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992) (Form 4340 is "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption."); *United States v. Spacek*, 30 F.3d 1492 (5th Cir. 1994) (*per curiam* dismissal of appeal from

summary judgment which was based on presumptive proof of a valid assessment not rebutted by taxpayer).

In support of its motion for summary judgment, the United States has submitted Certificates of Assessments, Payments and Other Specified Matters, (known as a form 4340), to prove Wilson's outstanding tax liabilities for the tax years 2002-2005, 2010, and 2013. *See* U.S. Ex. 1, 3, 5, 7, 9, 11, 13. The United States also submitted assessments which have been updated to show accrual of interest through June 14, 2021. *See* U.S. Ex. 2, 4, 6, 8, 10, 12, 14. The calculation of Wilson's tax liabilities is supported by the Declaration of IRS Advisor Kimberly A. McGuire. U.S. Ex. 15. In his Response to the United States' Motion for Summary Judgment (ECF 49), Wilson argues: 1) the amounts sought by the United States "are factored incorrectly and are inaccurate;" 2) that all liabilities for tax years 2010 and 2013 were discharged in bankruptcy; and 3) that the collection statute, 26 U.S.C. § 6502(a)(1), has expired for tax year 2010. Wilson has failed to provide any competent summary judgment evidence in support of his arguments and the Court finds the arguments are without merit.

As noted above, Certificates of Assessment are presumed correct. Wilson has not met his burden to show that the assessments presented by the United States are incorrect. Wilson contends that he paid all income taxes due for 2002 – 2005. However, he does not claim to have paid all related interest and penalties for those years, nor to have paid all taxes owed for 2010 and 2013. Wilson claims the amounts sought by the United States do not account for all credits to which he is entitled, but he has failed to present any evidence in support of his argument. Likewise, he has failed to present any support or evidence for his argument that the United States has incorrectly calculated his tax liabilities.

Despite his argument to the contrary, Wilson's tax liabilities for 2010 and 2013 were not discharged in bankruptcy. Wilson was not a party to his wife's Chapter 7 bankruptcy proceeding. A bankruptcy discharge operates as an injunction against collection of a debt from the debtor. 11 U.S.C. § 524(a)(2). It also protects the debtor's after-acquired community property from being subject to seizure to satisfy a discharged debt. 11 U.S.C. § 524(a)(3). Where only one spouse files for bankruptcy the discharge does not relieve the non-debtor spouse from liability for a community debt and the non-debtor's separate property is subject to collection by a creditor holding a community claim. *See In re Davis*, 604 B.R. 807, 810 (Bankr. E.D. Ark. 2019) ("The discharge injunction in the Debtor's bankruptcy case does not stop a collection action against her non-filing, non-debtor spouse."). Here, only Lisa Wilson (Wilson's wife), filed for bankruptcy and received a discharge of liability. Lisa Wilson's discharge in bankruptcy does not relieve Wilson, the non-filing spouse, from his liability for community debt.

Finally, the statute of limitations for the collection of amounts Wilson owed for tax year 2010 has not expired. Wilson's 2010 tax liability was assessed on October 19, 2011. Wilson's separate assessment tax liability for 2010 was assessed on June 19, 2015. The limitation period for collection is ten years from assessment. 26 U.S.C. § 6502(a)(1). This suit was filed on September 16, 2019, less than 10 years after both assessments, and therefore is timely.

The United States is entitled to summary judgment on all it claims against Wilson. The United States has presented presumptive proof of valid tax assessments which establish his tax liability. *United States v. DeLeon*, 2018 WL 1750473, at *3. Wilson has failed to meet his burden to present evidence to overcome the presumption. Therefore, the tax assessments are presumptively correct and support summary judgment in favor of the United States in the amount of $651,649.71.

## IV.    Conclusion, Recommendations, and Order

For the reasons stated above, the Court recommends that the United States of America's Motion for Summary Judgment Against John R. Wilson, III (ECF 45) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 10, 2022, at Houston, Texas.

                                                                          Christina A. Bryan
                                                          United States Magistrate Judge